IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SAMAR AKINS, | ) | 4:14CV3151 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| OFFICER FIRELL, SGT. PHILLIPS, | ) | |
| CITY OF LINCOLN POLICE | ) | |
| DEPARTMENT, and CHIEF | ) | |
| PESCHUNG, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Samar Akins ("Akins" or "Plaintiff") filed his Complaint in this matter on July 29, 2014. (Filing No. 1.) Akins has been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Akins brings this action against the City of Lincoln Police Department and three law enforcement officers. Liberally construed, Akins alleges Defendants violated his rights under the Federal Constitution's Equal Protection Clause.

On July 27, 2014, Akins contacted the Lincoln Police Department to request a "wellness check" on his four-year-old son, who had injured his face while in his mother's care. After speaking to the child and his mother, Defendant Officer Firell determined the child had injured his face in an "accident" at the park. (Filing No. 1 at CM/ECF p. 1.)

Akins alleges he has called the Lincoln Police Department approximately 10 times in the past four years to report abuse of his children "by their mother and her family." (Filing No. 1 at CM/ECF p. 2.) Despite his attempts to report abuse, law enforcement officers have not issued any citations or made any arrests. Akins alleges the Defendants have shown "racial prejudice and bia[s] against [him] as an African American." Akins seeks money damages in the amount of $30,000.00 from each of the individual defendants and $100,000.00 from the Lincoln Police Department. (Filing No. 1 at CM/ECF p. 3.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### III. DISCUSSION OF CLAIMS

Akins alleges law enforcement officers have not prosecuted his son's mother and her family for abuse because they are "non-black" and Akins (the reporter of the alleged abuse) and his son (the victim of the alleged abuse) are African American. (Filing No. 1 at CM/ECF p. 3.) Liberally construed, Plaintiff alleges violations of his equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution. The Equal Protection Clause of the Fourteenth Amendment provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. The clause essentially directs "that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985). To state an equal protection claim, a plaintiff must establish that he was treated differently from others similarly situated to him. *Johnson v. City of Minneapolis*, 152 F.3d 859, 862 (8th Cir. 1998).

Plaintiff's equal protection claims fail for two reasons. First, Plaintiff has not alleged that he was treated differently from others similarly situated to him or that his treatment was so arbitrary as to be irrational. Second, Plaintiff offers no facts in support of his claims that any of Defendants' actions were motivated by racial animus. In fact, Plaintiff's admission in the complaint that the police actively investigated the matter by speaking with the allegedly abused child and the child's mother is inconsistent with any supposition that the lack of prosecution or citation was racially motivated. Accordingly, Plaintiff's Complaint fails to state a claim upon which relief may be granted. The court will not provide Akins an opportunity to amend his Complaint as doing so would be futile because Akins does not have a Constitutional right to compel a criminal investigation or prosecution. See *Parkhurst v. Tabor*, 569 F.3d 861, 866 (8th Cir. 2009) (quoting *Doe v. Mayor and City Council of Pocomoke City*, 745 F.Supp. 1137, 1139 (D.Md. 1990) ("The Court is not aware of a constitutional, statutory, or common law right that a private citizen has to require a public official to investigate or prosecute a crime.")).

3

IT IS THEREFORE ORDERED that:

1.  Plaintiff's Complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted.

2.  A separate judgment will be entered in accordance with this order.

DATED this 27th day of October, 2014.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.